**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA

                                                 DOCKET NO. 25-CR-6016

        -vs-

CHAD LEWIS, JR.,
             Defendant
_____

**STATEMENT OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS PURSUANT TO PRE-SENTENCE INVESTIGATION REPORT**

Please take notice that the Defendant hereby makes the following explanations to the following findings of the Pre-Sentence Investigation Report with respect to sentencing factors in this action.

**LEGAL STANDARDS**

1. <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and 18 USC §3553(a) authorizes this Court to impose a sentence below the guidelines range. Under <u>Booker</u>, the United States Sentencing Guidelines are merely "advisory", and sentencing courts are required to consider all of the factors listed in 18 USC §3553(a) in imposing sentence. See <u>Booker</u>, 125 S.Ct. 7838, 757 (2005).

2. The primary directive in §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. See 18 USC §3553(a). Those purposes include the need:

      a)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

      b)    To create adequate deterrence;

      c)    To protect the public from future crimes of the Defendant; and

      d)    To provide the Defendant with necessary treatment and training §3553(a).

3.    Section 3553(a) directs Sentencing Courts to consider a number of additional factors as well, including:

      a)    The nature and circumstances of the offense, §3553(a)(1);

      b)    The history and characteristics of the Defendant, §3553(a)(1);

      c)    The kinds of sentences available, §3553(a)(3);

      d)    The Sentencing Guideline range, §3553(a)(4);

      e)    Pertinent Sentencing Commission policy statements, §3553(a)(5);

      f)    The need to avoid unwarranted sentencing disparities, §3553(a)(6); and

      g)    The need to provide restitution to any victims of the offense, §3553(a)(7).

4.    As Booker emphasized, under the Sentencing Reform Act, "{n}o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence" Booker, 125 S.Ct. At 760 (quoting 18 USC §3662). After Booker, Courts are therefore required to consider factors which the

Guidelines discourage or reject, such as a Defendant's background, family circumstances, and criminal conduct.

**CIRCUMSTANCES OF THE OFFENSES AND COMMENTS ON THE PRE-SENTENCE INVESTAGATION REPORT**

5. That on February 4, 2025, Chad Lewis, pled guilty to Count 1 on a Single Count Information pursuant to a written plea agreement. The Information charged Conspiracy to Commit Wire Fraud in violation of Title 18 U.S.C. §1349. At the court appearance on said date- there was no hesitation in accepting the plea. Mr. Lewis did not respond to the Court's inquiries or questions in an evasive or obstructionist fashion. Rather, Defendant Lewis was direct, honest and straightforward in his responses to the Court during the entire plea allocution.

6. That Chad Lewis accepts full responsibility for his participation in the criminal conduct which formed the underlying facts and circumstances of the hereinstated crime. The below-stated explanations do not, in any fashion, attempt to minimize or downplay the illegal conduct that Mr. Lewis participated in during the time frame of the criminal activity. Rather, the below-stated comments are to advise the Court of Defendant's knowledge, awareness and perception of the criminal conduct. Mr. Lewis does not wish or intend to waiver from his acceptance of responsibility in the plea allocution or violate the plea agreement.

7. However, Defendant Lewis' conduct is considerably reduced compared to the acts of the co-defendants/co-conspirators (larcenist) Shabon D. Banks, Amanda Reves, and Chance Lewis. Dominic Sprague and James

    Civiletti were the "CEO" and "Manager" owners of the New York Gold Diamond and Pawn (NYGDP) shop located in Greece, NY. Upon review of the very extensive records of the co-defendants' criminal conduct, said individuals literally dealt with an excess of two million dollars. Further, the co-defendants (larcenist) sold stolen property to NYGDP for a number of years and received hundreds of thousands of dollars.

8. The Pre-Sentence Report has very extensive information set forth in said report. Some of this information Defendant Lewis accepts as true as to his participation of the conspiracy. However, an extensive amount of information involved the co-defendants and he has no knowledge or recollection of the many criminal acts of the conspiracy.

9. For instance, in the Pre-Sentence Report, there is very extensive information about the financial assets and/or finances of the co-defendants Dominic Sprague and James Civiletti. Mr. Lewis was not privy to their personal and business banking accounts/assets.

10. That Defendant Chad Lewis meets the criteria set forth in Guidelines Section 4C1.1(a)(1)-(11) involving an adjustment for Certain Zero-Point Offenders which results in a two-level downward adjustment to offense level 16.

11. Further, Defendant's criminal history category is 1.

12. Additionally, the Court should be aware that co-defendants Shabon D. Banks and Amanda Reves have been very extensively involved in criminal activity involving larceny for many years with very extensive criminal

records. In fact, Defendant's mother, Amanda Reves, recruited Chad Lewis as early as 12 years of age to commit crimes with his mother, as being a lookout in different business establishments or blocking her view so she could steal items. Even the criminal conduct set forth in Count 1 would indicate that Chad Lewis was approximately 17 years of age when this conspiracy started. To say the least, his mother, Amanda Reves, has had a very negative impact on Chad Lewis' life.

13. Though his childhood, in many instances, was very inappropriate, in the last few years he has tried to rise above the criminal activity by becoming an apprentice for drywall/painting in a union- where he can have an excellent future as a viable member of our community and society.

14. Upon final review of the Pre-Sentence Report, there is either a lack of knowledge, awareness or minor discrepancies that are not relevant to modify any conditions of the plea.

15. For the hereinstated reasons, Defendant Chad Lewis is most respectfully asking the Court to sentence the least amount of time in order to comply with §3553(a) by imposing a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. In regard to this sentence, Defendant Lewis is most respectfully asking the Court to sentence him to probation with conditions the Court wishes to impose.

16. The Defendant wishes to address, in court, the multiple reasons why he should be sentenced below the guideline range.

## **CONCLUSION**

17.    Mr. Chad Lewis most respectfully requests the Court to sentence him to a probationary sentence with conditions the Court wishes to impose.

June 16, 2025

Respectfully submitted

DAVID R. MORABITO, ESQ.
PO Box 187
117 West Commercial Street
East Rochester, NY 14445-0187
(585) 586-5770

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA

                                                                             25-CR-6016

            -vs-

CHAD LEWIS, JR.,

                    Defendant
_____

## CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        1.     Clerk- United States District Court
        2.     United States Attorney General

                                                  <u>/s/ David R. Morabito, Esq.</u>

                                                  David R. Morabito, Esq.
                                                  PO Box 187
                                                  117 West Commercial Street
                                                  East Rochester, NY 14445
                                                  585-586-5770

Sworn to before me this
19th Day of June, 2025

/s/ Colette M. Gagnier

_____
Commission Expires 02/28/26